**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3382
_____

CLAUDIA IZAGUIRRE,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review from the
Board of Immigration Appeals
(Agency No. A075-968-003)
Immigration Judge: Annie S. Garcy
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 24, 2022
_____

Before: CHAGARES, <u>Chief Judge</u>, McKEE and MATEY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 25, 2022)
_____
_____

OPINION[*]
_____

---

[*]    This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Chief Judge.

Claudia Izaguirre petitions for review of the denial of her motion to reopen before the Board of Immigration Appeals ("BIA"). Because we conclude that no exception exists to our general lack of jurisdiction to review such denials, we must dismiss the petition.

## I.

Claudia Izaguirre is a native and citizen of Guatemala. She came to the United States with her family on a B-2 tourist visa when she was ten years old, in 1991. Izaguirre was a derivative applicant on her father's application for asylum; the Immigration Judge ("IJ") waived Ms. Izaguirre's appearance at her father's merits hearing in August 1999. By the date of the hearing, Izaguirre, who was eighteen, was no longer living with her parents. She avers that she was not aware that the asylum application was denied, and only became aware that she lacked legal status when she was unable to renew her employment authorization several years later, around 2004 or 2005. Since that time, Izaguirre received Deferred Action for Childhood Arrivals ("DACA"). Izaguirre's daughter, born in the United States, filed an I-130 petition for Izaguirre, which was approved in 2019.

Izaguirre filed a motion to reopen her case with the BIA in order to allow her to apply for adjustment of status. The Department of Homeland Security ("DHS") did not oppose the motion, but the BIA denied the motion. Izaguirre filed a timely petition for review.

## II.[1]

Motions to reopen must normally be filed within ninety days of an administratively final removal order, subject to certain exceptions not relevant here. See 8 C.F.R. § 1003.2(c). Because Izaguirre filed her motion outside that window, she relied upon the BIA's authority to reopen cases sua sponte at any time. See 8 C.F.R. § 1003.2(a). "The decision to grant or deny" such a motion "is within the discretion of the [BIA]" and the BIA may deny a motion "even if the party moving has made out a *prima facie* case for relief." Id.

We have held that because the BIA's discretion in this area is essentially unfettered, we may only exercise jurisdiction to review denials of sua sponte motions when (1) the BIA relies on an incorrect legal premise in its analysis, or (2) the BIA has constrained itself through rule or settled course of adjudication. See Park v. Att'y Gen., 846 F.3d 645, 651—52 (3d Cir. 2017). Izaguirre argues that the BIA has consistently granted reopening in factually analogous circumstances (for "DACA recipients who are the beneficiaries of approved I-130 immediate relative visa petitions and adjustment eligible . . . when there was no opposition filed by [DHS]") such that the second exception applies. Izaguirre Br. 5.

We disagree. A review of the BIA's decisions reveals that the BIA has not constrained its discretion through a settled course of adjudication, and so we must dismiss the petition for lack of jurisdiction. The BIA has previously held that no exceptional

---

[1] We generally have jurisdiction to review BIA decisions pursuant to 8 U.S.C. § 1252(a). Below we consider whether we have jurisdiction in this case.

situation is presented where a noncitizen becomes eligible for an immigrant visa. See

Matter of G-D-, 22 I&N Dec. 1132, 1133 n.1, 1137 (BIA 1999). This includes instances

where the noncitizen received DACA, has lived in the United States for many years, and

has no criminal history. See, e.g., In re Alisson Carlos da Costa-Bigas, AXXX XX1 787,

2016 WL 6519973, at *3 (BIA Sept. 27, 2016) ("[B]ecoming potentially prima facie

eligible to adjust status long after issuance of a final administrative decision is not an

exceptional situation justifying the exercise of our sua sponte authority.").

We are sympathetic to Ms. Izaguirre and her difficult position. But the underlying

regulations give the BIA almost unfettered discretion in deciding sua sponte motions and

Ms. Izaguirre has not met her burden to show that one of the exceptions to our general

lack of jurisdiction in this area applies.[2]

III.

For the foregoing reasons, we will dismiss Izaguirre's petition for review.

---

[2] Izaguirre argues that her Due Process rights were violated when the IJ waived her presence at the merits hearing and imputed her father's state of mind to her even though she was emancipated, but she did not raise this issue before the BIA, and we cannot consider it here. See Castro v. Att'y Gen., 671 F.3d 356, 365 (3d Cir. 2012) ("A petitioner's failure to exhaust an issue by presenting it to the BIA deprives us of jurisdiction to consider that issue.").